**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-4375**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TERRY LEE CONDREY, a/k/a Jamil,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:11-cr-00065-JPB-DJJ-1)

—————

Submitted:  December 20, 2012    Decided:  December 26, 2012

—————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

—————

Tracy Weese, Shepherdstown, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lee Condrey pled guilty, pursuant to a plea agreement, to aiding and abetting the possession with intent to distribute cocaine base within 1000 feet of a school. The district court sentenced Condrey to 210 months' imprisonment. On appeal, Condrey's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning whether the Fed. R. Crim. P. 11 hearing was properly conducted and whether Condrey's sentence was reasonable. The Government's brief raises Condrey's waiver of his right to appeal his sentence in his plea agreement. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Condrey

knowingly and voluntarily agreed to the waiver of appellate rights as set forth in the plea agreement. During the Rule 11 colloquy, the court reviewed the terms of the plea agreement with Condrey, including the waiver provision providing that Condrey waived the right to appeal any sentence below or at the statutory maximum. Condrey affirmed that he understood those terms. Additionally, Condrey has not contested the waiver's validity. Because Condrey was sentenced below the statutory maximum, we dismiss Condrey's appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Condrey's convictions. Because Condrey did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). We find that the district court substantially complied with Rule 11's requirements and committed no error warranting correction on plain error review.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Condrey's conviction. This court requires that counsel inform Condrey, in writing, of his right to petition the Supreme Court of the United States for further review. As such, we deny Condrey's counsel's motion to withdraw at this time. If Condrey requests that a petition be filed, but counsel believes that

such petition would be frivolous, counsel may renew the motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Condrey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4